**BLAW KNOX CORPORATION, Plaintiff,**

v.

**AMR INDUSTRIES, INC., Defendant,**

v.

**EDER INDUSTRIES, INC., Third–Party Defendant.**

**No. 90 Misc. 18.**

United States District Court, E.D. Wisconsin.

April 11, 1990.

John W. Hein, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., P. Christian Hague, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

Michael Dunn of Davis & Kuelthau, S.C., Milwaukee, Wis., for AMR Industries, Inc.

Charles Kirschner, Pittsburgh, Pa., Nathan Fishbach, Asst. U.S. Atty., Milwaukee, Wis., for Eder Industries.

## MAGISTRATE'S RECOMMENDATION TO THE HONORABLE TERENCE T. EVANS

AARON E. GOODSTEIN, United States Magistrate.

Plaintiff Blaw Knox Corporation obtained a default judgment against the defendant AMR Industries, Inc. in the amount of $8,515,490.62 plus pre-judgment interest on February 3, 1989 in the Western District of Pennsylvania.

In an effort to determine what assets, if any, of AMR exist, Blaw Knox sought to depose Wisconsin residents Jerry Coleman and Robert J. Coleman. Both are shareholders and former directors and officers of AMR, having resigned in 1988. Service of a subpoena duces tecum was effected on each and counsel for Blaw Knox commenced the depositions on January 2, 1990. At the depositions, counsel for the Colemans placed an objection to the proceedings on the record, but permitted them to proceed.

Blaw Knox has now filed a motion for contempt for failure to comply with discovery. Blaw Knox claims that the Colemans have failed to produce certain documents pursuant to the subpoena duces tecum. Blaw Knox seeks an order finding

both Jerry Coleman and Robert Coleman in contempt, an order compelling the Colemans to produce and costs and expenses in the amount of $500 as a result of the Colemans' failure to comply.

In response, the Colemans have filed a motion to vacate the subpoenas or, in the alternative, to stay these proceedings pending a decision on AMR's motion to vacate the default judgment rendered in the principal action.

By order dated March 29, 1990, Judge Terence T. Evans, to whom this miscellaneous matter was assigned, transferred all motions to this court for its recommendation. On April 2, 1990, this court conducted a hearing, at which time the plaintiff appeared by attorneys P. Christian Hague, John W. Hein and Gregory Blanchy and the Colemans appeared by attorney Harold Laufer.

■ Both parties have raised certain procedural challenges to their opponent's position which will be disposed of first. The Colemans submit that Blaw Knox has failed to follow Rule 69(a) Fed.R.Civ.P. and applicable Wisconsin law in attempting to satisfy its judgment. Briefly, the Colemans contend that before Blaw Knox can commence discovery against the Colemans, it was required to attempt to execute against AMR.

In support of their position, the Colemans state that Rule 69(a) provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held." The Colemans then refer to § 816.03(1)(a) Wis.Stats. which permit a judgment creditor to compel a debtor to answer concerning his property "when an execution against property has ... been returned unsatisfied."

In response, Blaw Knox argues that Rule 69(a) itself states that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Blaw

Knox says it has opted to follow the procedures set forth in the federal rules.

At first blush, there appears to be an inconsistency in Rule 69(a) which first mandates following state procedures and then presents an option. An axiom of statutory interpretation is that statutes and rules must be read in a manner that provides internal consistency. To do this, Rule 69(a) first provides that a judgment creditor shall follow state practice and procedure in seeking to satisfy a judgment. In other words, Wisconsin provides various avenues of relief such as execution, garnishment, appointment of a receiver, etc. Thus, a judgment creditor is limited to the collection options provided by the state. However, when utilizing state collection procedures, Rule 69(a) then provides that a judgment creditor may obtain discovery and in so doing, may then either use the procedures set forth in the federal rules or those provided by state practice.

■ In applying the foregoing analysis of Rule 69(a) to this case, the objection interposed by the Colemans is not persuasive. Blaw Knox is seeking discovery from "any person" and following federal procedures. Notwithstanding, even if the Coleman's interpretation were to be applied, Blaw Knox's efforts are substantially in accord with § 816.03(1)(b) which does not require an unsatisfied execution. This paragraph permits a judgment creditor to apply to a court commissioner for an order to have a judgment debtor appear "in lieu of the procedure set forth in par. (a)." Paragraph (b) does not require an unsatisfied execution. Thus, if § 816.03(1)(b) governed, Blaw Knox's sole deficiency is that it did not make application to a court commissioner.

■ Blaw Knox also raises a procedural objection. It contends that the Colemans waived any challenge to the subpoena by failing to object in the manner provided in Rule 45(d) Fed.R.Civ.P. It is correct that the Colemans failed to object in writing prior to the time for compliance. The purpose of this requirement is to enable the court to resolve the matter before all par-

ties prepare for and appear at the deposition. In this case, both parties appeared at the deposition, the Colemans interposed their objections, and the depositions proceeded. The matter is now before the court since the Colemans did not produce all of the documents requested. This court does not believe that, under the attendant circumstances, failure to literally comply with Rule 45(d) should preclude the Colemans from opposing discovery on the merits.

■ The court now turns to the substance of the dispute between the parties. Blaw Knox has an eight million dollar judgment against AMR which is apparently not worth the paper upon which it is written. AMR went out of business in 1988, and it is now without assets. Blaw Knox, however, because of its enormous judgment, wishes to pursue all possible avenues of collection.

One of the avenues Blaw Knox wishes to pursue is against the Colemans who are shareholders of AMR. According to Blaw Knox, in 1982 the Colemans participated in a transaction whereby they sold their original stock in AMR to Industrial Capital Group; a new AMR corporation was formed, loans were made by Irving Trust Company and the Colemans remained as directors and officers of AMR until 1988. Blaw Knox believes that these 1982 transactions may have been fraudulent and, if so, the Colemans improperly obtained assets that should have been paid to AMR. As a judgment creditor of AMR, Blaw Knox has a claim on any assets of AMR, although the parties disagree as to whether such status either allows Blaw Knox to void a former transaction or that the Colemans are accountable for AMR's present debt. Blaw Knox is thus seeking from the Colemans all records they may possess of the 1982 transactions including financial statements, shareholder meeting minutes, director meeting minutes and personal records with regard to the sale and purchase of AMR stock.

The Colemans are willing to produce any AMR records over which they may have control; it is the production of their personal financial records to which they object.

First of all, the Colemans submit that records that are eight years old are not relevant to the present efforts of Blaw Knox to collect its judgment, especially since during the intervening years, AMR operated as a viable company. The Colemans also argue that Blaw Knox can obtain records of the 1982 transactions from entities such as Irving Trust; thus they submit that Blaw Knox is attempting to engage in a fishing expedition without any basis. Finally, the Colemans indicate that Milwaukee County Circuit Court Judge Gary Gerlach recently dismissed the lawsuit Blaw Knox filed against the Colemans on statute of limitations grounds. In the state court action, Blaw Knox was seeking to void the 1982 transactions on the ground that they constituted fraudulent conveyances. Blaw Knox submits that Judge Gerlach's application of the Wisconsin Uniform Fraudulent Transfers Act was erroneous.

The language of Rule 69(a) is broad in that it permits discovery of any person who may assist the judgment creditor in aid of judgment or execution. While the category of persons who may be deposed is expansive, the purpose for which a deposition may be taken is limited. The crucial question in this case is whether or not discovery of the Colemans' personal financial records will aid Blaw Knox in attempting to satisfy its judgment.

■ This court believes that a judgment creditor must make a threshold showing of necessity and relevance when attempting to obtain discovery of a non-judgment debtor pursuant to Rule 69(a). The interest of third parties in their privacy must be balanced against the need of the judgment creditor to the documents in question. This is a factual determination which can only be made on a case by case basis.

Blaw Knox has failed to persuade this court that it is entitled to any personal financial records of the Colemans. Eight years have elapsed since the transactions which Blaw Knox now claims were fraudulent. Blaw Knox is seeking to dig up the past in an effort to make the present more fruitful. This court does not believe that it should be permitted to use Rule 69(a) as a

tool for that purpose. Although Blaw Knox alleges in its state court amended complaint that it did not discover information regarding these transactions until after December 4, 1988, its desire to void 1982 transactions is too far removed from a present "aid of the judgment or execution" as contemplated by Rule 69(a). Blaw Knox contemporaneously sought recourse in state court under the Uniform Fraudulent Transfers Act; that is the appropriate forum. The fact that Blaw Knox received an adverse ruling from Judge Gerlach which will foreclose utilization of similar discovery in that action does not alter this court's conclusion.

Therefore, this court recommends that the district judge deny the motions of Blaw Knox for contempt and to compel and grant the motion of Jerry Coleman and Robert Coleman to vacate the subpoenas insofar as they request personal financial records.

Any objection to this recommendation must be filed with the Clerk of Court in duplicate within ten (10) days of receipt of this notice. Failure to file an objection within the specified time waives the right to appeal the district court's order on all factual and legal issues.