**FUDDRUCKERS, INC., Plaintiff,**

v.

**KCOB I, L.L.C., et al., Defendants.**

**No. Civ.A. 97–2002–JWL.**

United States District Court,
D. Kansas.

July 29, 1998.

Ronald L. Bodinson, Timothy M. O'Brien, Bill J. Hays, Celia K. Garrett, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, for plaintiff.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for defendants.

Joseph R. O'Brien, Leawood, KS, pro se.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it two motions: Motion for Protective Order (doc. 176); and Motion for Setting of Time and Date for Debtors' Examination (doc. 185). Both motions raise common questions regarding proceedings in aid of execution. By the prior motion defendants seek a protective order, pursuant to Fed.R.Civ.P. 26(c), to preclude plaintiff "from deposing defendant Joseph R. O'Brien and a 30(b)(6) representative of defendant KCOB I L.L.C. on June 9, 1998...." The motion is moot, of course, as to the date in June. Defendants argue that the depositions should not otherwise proceed for the following reasons: Plaintiff has already deposed Mr. O'Brien in this case. It has not obtained leave to depose him a second time within the meaning of Fed.R.Civ.P. 30(a)(2)(B). In the later motion plaintiff seeks an order to set a time and date for examination of both Mr. O'Brien and KCOB I, L.L.C. as judgment debtors. Both defendants oppose that motion on procedural grounds.

Plaintiff seeks the proposed depositions to aid its execution upon the judgment against defendants. Plaintiff deposed Mr. O'Brien on January 15, 1997. On January 21, 1998, the court entered judgment in favor of plaintiff and against both defendants. On January 28, 1998, it entered an amended judgment against the defendant KCOB I, L.L.C. in the amount of $1,114,148.76 and against both defendants jointly and severally in the amount of $449,449.50, all with interest. The record reflects neither satisfaction of the judgment nor any execution to enforce it.

■ Plaintiff previously sought and the court earlier set a hearing in aid of execution. Upon agreement of the parties, the court continued that hearing. The hearing never materialized. Pursuant to Fed.R.Civ.P. 69(a) and Kansas statute, the court finds no reason why plaintiff may not proceed anew with such a hearing; if it otherwise complies with the applicable law. The arguments of defendants raise two narrow questions: (1) May plaintiff depose the defendants to pursue execution of its judgment? (2) May or should the court authorize a hearing in aid of execution upon the present motion of plaintiff?

Fed.R.Civ.P. 69(a) governs the procedure to enforce a judgment. It provides as follows:

(a) **In General.** Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. *The procedure on execution, in proceedings supplementary to*

*and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state* in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. *In aid of the judgment or execution, the judgment creditor* or a successor in interest when that interest appears of record, *may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state* in which the district court is held. (Underscoring added.)

Application of Rule 69(a) to the judgment at hand thus requires plaintiff to proceed "in accordance with the practice and procedure of the state" of Kansas. K.S.A. 60–2419 provides in pertinent part as follows:

**60–2419. Proceedings in aid of execution.** *When an execution* against the judgment debtor or one of several debtors in the same judgment issued to the sheriff of the county where the debtor resides or, if the debtor does not reside in the state, to the sheriff of the county where judgment was rendered or a transcript of the judgment has been filed, *is returned unsatisfied* in whole or in part, *the judgment creditor is entitled to have an order for a hearing in aid of execution* by the district court of the county to which the execution was issued. *If a judgment creditor, without having attempted execution, alleges that the judgment creditor is without sufficient knowledge of the debtor's assets to advise the sheriff where and on what to levy execution, the judgment creditor shall be entitled to have an order for a hearing in aid of execution* by the district court of the county where the debtor resides and a transcript of the judgment has been filed or, if the debtor does not reside in the state, where judgment was rendered or a transcript of the judgment has been filed.... (Underscoring added.)

Defendants contend that plaintiff has failed to comply with K.S.A. 60–2419. The court finds the point well taken. Plaintiff has not suggested, and the court does not otherwise find, that any execution against the judgment has been returned unsatisfied or even issued. The court assumes, therefore, that plaintiff has not "attempted execution." Under such circumstances, the statute allows plaintiff as judgment creditor "to have an order for a hearing in aid of execution," if it "alleges that the judgment creditor is without sufficient knowledge of the debtor's assets to advise the sheriff where and on what to levy execution." Plaintiff has made no such allegation.

The court does not assume that the required allegation is simply a technicality to be ignored. The Kansas statute instead suggests a public policy to provide a measure of privacy for the personal finances of a litigant. A judgment creditor indeed has a right to learn what assets are available to satisfy his judgment, if he otherwise has insufficient knowledge to pursue execution. If he has sufficient knowledge of the assets, on the other hand, he need not pursue proceedings in aid of execution to gain it. If proceedings in aid of execution were unrestricted, a creditor could easily abuse them to seek information about the finances of another for purposes completely unrelated to satisfying the judgment. K.S.A. 60–2419 thus provides some protection against improper snooping. It requires the judgment creditor to allege that he "is without sufficient knowledge of the debtor's assets" to pursue execution. When the judgment creditor has thus made the appropriate allegation of insufficient knowledge of assets, the court may order a hearing in aid of execution. The order will require the judgment debtor to appear and "answer concerning the debtor's property and income...." The statute also provides that witnesses may be subpoenaed to testify at the hearing.

■ In addition to the proceedings under state law, Fed.R.Civ.P. 69(a) authorizes discovery "from any person, including the judgment debtor." The court construes this authorization to be incidental or secondary, however, to the procedure provided by state law to enforce a judgment. Conversely, it does not view the rule to permit unrestricted discovery, independent of the proceedings under state law; unless a "statute of the United States governs," within the meaning

of Rule 69(a). (The parties have not pointed to any such statute of the United States; and the court otherwise finds none.) To construe the rule otherwise would in effect nullify its mandate to apply state enforcement procedure. A judgment creditor could simply ignore the state prerequisites to show an unsatisfied judgment or allege lack of knowledge of assets and instead pursue discovery about the assets and income of the judgment debtor(s) without any need to do so. The court finds that kind of unrestricted discovery inconsistent with the basic policies suggested by Rule 69(a) and K.S.A. 60–2419.

Because plaintiff has not made the required showing or allegation required by K.S.A. 60–2419, the court finds that the proposed deposition of Joseph R. O'Brien would indeed constitute that of a person who has already been examined in this case. Fed. R.Civ.P. 30(a)(2)(B) applies. Plaintiff must obtain leave of court for such deposition, unless it makes the showing or allegation required by the Kansas statute to authorize the discovery under Rule 69(a).

In summary, the court does not find that plaintiff as judgment creditor has adequately complied with K.S.A. 60–2419 so as to warrant further proceedings in aid of execution or the proposed depositions. It has not alleged upon its present motion that it "is without sufficient knowledge of the debtor's assets to advise the sheriff where and on what to levy execution." Nor has it shown that an execution has been returned unsatisfied. Its request for a setting of a time and date for examination of the judgment debtors comes prematurely, without its having complied with one of these prerequisites.

For the foregoing reasons the court finds the Motion for Protective Order (doc. 176) moot in part and otherwise sustains it in part and overrules it in part. Plaintiff may not pursue the proposed depositions, until it has complied with the requirements either of Fed.R.Civ.P. 30(a)(2)(B) or of Rule 69(a) and K.S.A. 60–2419. For similar reasons the court overrules the Motion for Setting of Time and Date for Debtors' Examination (doc. 185). The Court denies the request of defendants for sanctions. It finds them unjustified under the circumstances.

IT IS SO ORDERED.