**FUDDRUCKERS, INC., Plaintiff,**

v.

**KCOB I, L.L.C. and Joseph R. O'Brien, Defendants.**

**No. 97–2002–JWL.**

United States District Court, D. Kansas.

Oct. 15, 1998.

Ronald L. Bodinson, Timothy M. O'Brien, Bill J. Hays, Celia K. Garrett, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Fuddruckers, Inc., a Texas corporation, plaintiffs.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, for defendants.

Joseph R. O'Brien, Leawood, KS, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff Fuddruckers instituted this action against defendants KCOB I, L.L.C. and Joseph O'Brien to recover sums due under promissory notes previously executed by defendants, and damages arising from defendants' breach of the parties' franchise agreement. After summary judgment was granted in plaintiff's favor, matters pertaining to collection were referred to Magistrate Judge Rushfelt.

Plaintiff moved for, and was granted, a hearing in aid of execution by Magistrate Judge Rushfelt. Difficulties arose between the parties, however, causing the hearing date to be twice postponed. Plaintiff eventually moved the magistrate judge to reset a date and time for the previously-ordered hearing in aid of execution (doc. 185). In a memorandum and order dated July 29, 1998 (doc. 197), Magistrate Judge Rushfelt denied plaintiff's motion and also granted defendants' motion for a protective order to preclude certain postjudgment discovery.

The matter is presently before the court on plaintiff's motion for review of Judge Rushfelt's memorandum and order of July 29, 1998 (doc. 199). For the reasons detailed below, the court reverses the order previously entered by the magistrate judge.

## I. Factual Background

Plaintiff Fuddruckers commenced this action to recover from defendants KCOB I, L.L.C. and Joseph R. O'Brien franchise royalties due under a franchise agreement entered into by the parties, and to collect the balance due under three promissory notes executed by defendants in favor of plaintiff upon which defendants defaulted. On January 20, 1998, the plaintiff was granted summary judgment against defendants (doc. 151), and on January 28, 1998 an amended judgment was entered in the amount of $1,114,-148.76 against defendant KCOB I, L.L.C., as well as a judgment against defendants KCOB I, L.L.C. and Joseph R. O'Brien, jointly and severally, in the amount of $449,449.50 (doc. 153).

On March 13, 1998, plaintiff filed a motion for a hearing in aid of execution (doc. 154) in which it alleged that it was "without suffi-cient knowledge of the judgment debtors' assets to cause a levy of execution." That motion was referred to Magistrate Judge Rushfelt who, on the same day, ordered defendants KCOB I and O'Brien to appear at a hearing in aid of execution scheduled for March 27, 1998 (docs. 155 & 156). On March 26, 1998, the eve of the debtors' exam, defendants filed a motion for protective order, seeking to vacate the order to appear for the hearing in aid of execution and to quash the order to produce documents contained therein (doc. 159). On March 27, 1998, the date originally set for the debtors' exam, a hearing was held on the above motion at which the parties agreed to continue the debtors' exam to April 17, 1998.

On April 8, 1998, defendants filed two additional motions: one to stay execution of the judgment (doc. 165), and the other to alter or amend the judgment (doc. 166). On April 10, 1998, the undersigned judge convened a telephone conference with the parties to set an expedited briefing schedule on the above motions. During that telephone conference, the plaintiff agreed to delay the hearing in aid of execution, then scheduled for April 17, 1998, pending the resolution of defendants' motion to alter or amend the judgment.

On April 23, 1998, both defendants' motion to stay execution and defendants' motion to alter or amend the judgment were denied. At that time, the plaintiff inquired as to the postponed hearing in aid of execution and was directed to return to the magistrate judge for rescheduling.

Consequently, a number of written communications were exchanged among the parties and Magistrate Judge Rushfelt in which the plaintiff sought to reschedule the debtors's exam originally ordered by the magistrate to take place on March 27, 1998. At some point, the magistrate judge apparently grew tired of the course of correspondence, and directed the parties to proceed formally, according to the federal rules of procedure. The plaintiff, assuming that Magistrate Judge Rushfelt merely desired a formal motion illustrating the inquiries formerly made via informal letters to the court, filed a motion to set the date and time for the previously-continued debtors' exam (doc. 185) on June

18, 1998. Presumably discouraged by the delay encountered in rescheduling the debtors' exam, plaintiff began efforts in early July to depose the judgment debtors in the manner provided by the federal rules to obtain information about the debtors' available assets.

Apparently viewing plaintiff's motion to set a time and date for the debtors' exam as an original motion for such a hearing, rather than as merely a motion to reset a date and time for a previously-ordered debtors' exam, the magistrate judge determined that because the plaintiff's motion failed to contain an allegation of insufficient knowledge of defendants' financial condition, plaintiff had failed to meet the requirements for a hearing in aid of execution. Consequently, the magistrate judge ruled that plaintiff was not entitled to a debtors' exam absent a new motion alleging such insufficient knowledge. Further, Magistrate Judge Rushfelt interpreted any attempt to proceed with postjudgment depositions pursuant to federal procedure as precluded by what he deemed plaintiff's failure to allege insufficient knowledge regarding the nature of defendants' leviable property.

## II. Standard of Review

■ With respect to a magistrate judge's orders relating to non-dispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.), *cert. denied,* —— U.S.

—, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir.1988). The court applies that same standard here.[1] The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil,* 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948)); *see also Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan. 1991) ("Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused.")

## III. Discussion

### A. The debtors' exam

■ The court has carefully and deferentially reviewed the order of the magistrate judge and is left with the definite and firm conviction that, indeed, a mistake has been committed. The court finds clear error in the denial of plaintiff's motion to set a time and date for the previously-ordered debtors' exam. It is clear from the record that the plaintiff had previously satisfied each of the statutory prerequisites of K.S.A. § 60–2419; otherwise, Judge Rushfelt's original order for a hearing in aid of execution would never have issued. That hearing, initially set for March 27, 1998, was once formally rescheduled to occur on April 17, 1998. The hearing

---

1. The district court's power to refer motions for postjudgment discovery to a magistrate judge is conferred by 28 U.S.C. § 636(b)(3)'s "additional duties" provision. *See, e.g., FDIC v. LeGrand,* 43 F.3d 163, 167–69 (5th Cir.1995); *Denny v. Ford Motor Co.,* 146 F.R.D. 52, 53–57 (N.D.N.Y.1993). Additionally, magistrate judges are specifically authorized "[t]o conduct examinations of judgment debtors in accordance with Fed.R.Civ.P. 69" by D. Kan. Rule 72.1.1(i)'s interpretation of 28 U.S.C. § 636(b)(3). Section 636(b)(3), unlike its companion subsections, does not provide a statutorily-defined standard of review.

The court is aware of, and has considered, Tenth Circuit authority suggesting that a *de novo* standard of review is applied to rulings on matters referred to magistrate judges under 28

U.S.C. § 636(b)(3). *See, e.g., Griego v. Padilla,* 64 F.3d 580, 584 n. 4 (10th Cir.1995); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.,* 879 F.2d 809, 811 (10th Cir.1989). Nevertheless, the court finds that orders relating to postjudgment execution and discovery matters are more analogous to non-dispositive pretrial dispositions, and therefore applies the "clearly erroneous" standard of review to Magistrate Judge Rushfelt's order in this case. *See* 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3068.1 (2d ed.1997) (stating that "[o]rders regarding the scheduling of postjudgment discovery, for example, hardly seem to warrant de novo reexamination by the district court.").

was delayed again, however, at defendants' request, pending resolution of motions attacking the validity of the underlying judgment. Understandably, plaintiff complied with defendants' request, because there is little sense in holding a debtors' exam prior to the resolution of motions that could possibly alter the judgment for which the debtors' exam was ordered in the first place.

Rescheduling the exam was little more than a ministerial exercise which should have taken place without the need for plaintiff to re-allege its previously established entitlement to the exam. The order of the magistrate judge does not take the position that plaintiff needed to do so either as the result of a statutory requirement when continuances have been granted or because the elapse of time somehow made it necessary. Nothing in the statute suggests that would have been appropriate. It simply appears that as a result of defendants' persistent obfuscation the magistrate judge overlooked the fact that all necessary allegations had previously been made (and deemed adequate enough to secure an order for a hearing) and, instead, mistakenly treated plaintiff's motion to reschedule as if it were the original motion to obtain authorization for an exam. Thus the court reverses the order of the magistrate judge denying plaintiff's motion to set a time and date for a hearing in aid of execution.

### B. The availability of postjudgment depositions

The court also respectfully disagrees with Magistrate Judge Rushfelt's interpretation of the law governing the availability of postjudgment depositions in federal court. The court deems the following discussion of the judgment execution process necessary to explain its finding that the magistrate judge clearly erred in issuing his order dated July 29, 1998 granting defendants' motion for a protective order.

Rule 69 of the Federal Rules of Civil Procedure governs the execution of judgments rendered in federal court. The first sentence of Rule 69(a) specifies that unless otherwise ordered by a court, "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution..." Fed. R.Civ.P. 69(a) (West Supp.1998). The remaining provisions of Rule 69(a) describe two entirely separate aspects of the judgment enforcement process: the first relates to judgment execution *procedure* and supplemental proceedings thereto, while the other controls postjudgment *discovery.* *Id.*

### 1. Execution Procedure

With respect to execution procedure, Rule 69(a) provides as follows:

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held ... except that any statute of the United States governs to the extent that it is applicable.

*Id.* By its terms, this portion of the rule requires compliance with the forum state's execution methods and procedures, except where the state enforcement mechanism is pre-empted by an applicable federal law. Of the federal laws that do exist in the judgment execution context, most concern only technical details relevant to specific judgments, such as those against revenue officers or members of the armed forces, *see* 28 U.S.C. § 2006 and 42 U.S.C. § 659, respectively, or execution sale formalities, such as the appraisal of goods taken on execution. *See* 28 U.S.C. § 2005. Few of these provisions adequately address ordinary problems associated with the execution process, and most essentially direct consultation of, and adherence to, state execution procedures. *See* 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 69.03 (3d ed.1998). In the present case, no federal statutory provisions are implicated; this matter is, therefore, uncomplicated by any possible pre-emption issues. Accordingly, Kansas law dictates the nature, type, and extent of execution procedures available to plaintiff in this action.

Fully cognizant of the difficulty sometimes encountered by those seeking the enforcement of monetary judgments, state law has fashioned several mechanisms to aid judgment creditors in the execution process. As detailed above, Rule 69(a) specifically provides that state law controls "proceedings on and in aid of execution." Fed.R.Civ.P. 69(a).

One such proceeding available under Kansas law is commonly referred to as a "debtor's exam." As provided in K.S.A. § 60–2419, this device permits a court, upon motion of the judgment creditor, to order a "hearing in aid of execution" at which "the judgment debtor [is required] to appear and answer concerning the debtor's property and income, before the judge, or a referee appointed by the judge, at a time and place specified in the order...." K.S.A. § 60–2419 (1994). The purpose of the debtor's exam is to allow the judgment creditor to obtain specific information regarding the value and quality of the judgment debtor's assets so that the sheriff may be advised "where and on what to levy execution." *Id.*

Ostensibly, a deposition of the judgment debtor in which information concerning its financial resources is solicited may accomplish the ultimate objective of a debtor's exam. A hearing in aid of execution ordered pursuant to K.S.A. § 60–2419 is, however, a formal proceeding for which the judgment creditor mobilizes the resources of the court and in which the power of the court is directly involved. Unlike a deposition setting, at which court personnel do not attend and in which a party may be somewhat inclined to be less-than-cooperative with opposing counsel, a formal hearing in aid of execution may likely render a judgment debtor more forthcoming in his or her responses to inquiries regarding the scope of the debtor's assets. Due to the potential burden on the court and the presumably more coercive effect of the proceeding, strict requirements are imposed upon the moving party before a debtor's exam will be ordered.

One such prerequisite imposed by K.S.A. § 60–2419 is that the judgment creditor must, if execution has not been previously attempted, "allege[ ] that [it] is without sufficient knowledge of the debtor's assets" before an order for a debtor's exam will issue. K.S.A. § 60–2419.

### 2. *Postjudgment Discovery*

The language of Rule 69 is somewhat convoluted in its confusing references to state and federal law. Although the rule clearly mandates adherence to state law execution procedure, the last sentence of Rule 69(a) provides:

In aid of the judgment or execution, the judgment creditor or a successor in interest... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed.R.Civ.P. 69(a). Indeed, "[a]t first blush, there appears to be an inconsistency in Rule 69(a) which first mandates following state procedures and then presents an option." *Blaw Knox Corp. v. AMR Indus., Inc.*, 130 F.R.D. 400, 402 (E.D.Wis.1990). The confusion may be alleviated, however, if the two seemingly inconsistent provisions are seen as dealing with separate subjects; the second sentence of Rule 69(a) pertains only to execution *procedures* available to creditors, while the last sentence of Rule 69(a) relates only to postjudgment *discovery*. *See generally Chicago Pneumatic Tool Co. v. Stonestreet O.V.*, 107 F.R.D. 674, 675 (S.D.W.Va.1985) (explaining that "Rule 69(a) can be read as dealing with (1) execution procedures generally and (2) discovery in aid of execution").

By its terms, then, Rule 69(a)'s federal or state law "option" relates only to postjudgment discovery. As the *Blaw Knox* court explained,

Rule 69(a) first provides that a judgment creditor shall follow state practice and procedure in seeking to satisfy a judgment. In other words, [state law] provides various avenues of relief such as execution, garnishment, appointment of a receiver, etc. Thus, a judgment creditor is limited to the collection options provided by the state. However, *when utilizing state collection procedures, Rule 69(a) then provides that a judgment creditor may obtain discovery and in so doing, may then either use the procedures set forth in the federal rules or those provided by state practice.*

*Id.* (emphasis added). The Fifth Circuit has similarly held that Rule 69(a) allows a judgment creditor the choice of federal or state discovery methods in the postjudgment phase. *FDIC v. LeGrand*, 43 F.3d 163, 171 (5th Cir.1995) (rejecting judgment debtor's argument that "state procedural rules apply to the determination of the postjudgment discovery issue").

The court thus finds that although a judgment creditor is confined to the methods authorized by state law with respect to execution *procedures,* including the method for conducting a formal hearing in aid of execution, to the extent that it elects to conduct postjudgment *discovery,* including the use of traditionally less formal deposition practice, the judgment creditor may choose between state and federal law. Simply put, a hearing in aid of execution is not, in that analysis, a discovery tool, but is integral to the execution process and so does not preclude a judgment creditor from utilizing federal discovery procedures simultaneously.

The defendants maintain that because the plaintiff moved for, and was granted, a debtor's exam, its choice of this state law procedure forecloses plaintiff's ability to depose the defendant judgment debtors under the federal rules. While it is true that case-law indicates that once a party manifests its intent to engage in postjudgment discovery under the federal rules, state law is immaterial, *see LeGrand,* 43 F.3d at 171–72, it is state law governing *discovery* that may not be relied upon once the decision to conduct discovery pursuant to the federal rules has been reached, *not* state law controlling execution procedures. Thus, defendants' contention that plaintiff's motion for a debtor's exam forecloses its ability to depose defendants is without merit.

Based on the above discussion, the court respectfully disagrees with the magistrate judge's determination that Rule 69(a)'s authorization of discovery is "incidental or secondary... to the procedure provided by state law to enforce a judgment." *Fuddruckers v. KCOB I, L.L.C.,* 180 F.R.D. 408, 410 (D.Kan.1998). Instead, Rule 69(a) clearly authorizes postjudgment discovery pursuant to either state or federal discovery rules, without reference to the state execution procedure itself. The court is unaware of any authority to support the proposition that a judgment creditor's option to engage in postjudgment discovery is secondary to state-authorized collection methods, and thus finds the magistrate judge's conclusion that the judgment creditor is required to first meet the requirements of K.S.A. § 60–2419 in order to proceed with discovery (in this case, the deposition of the judgment debtors) under the federal rules in error.

It is therefore ordered that Magistrate Judge Rushfelt's Memorandum and Order of July 29, 1998 (doc. 197) is reversed.

It is further ordered that the referral to Magistrate Judge Rushfelt of all non-dispositive matters is hereby withdrawn.

It is further ordered that the defendants shall appear for a hearing in aid of execution on Monday, October 26, 1998 at 1:30 p.m. in Room 427 of the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas.