**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GLENN GALBRAITH,

        Plaintiff-Appellant,

v.

AMERITRUST OF CLEVELAND, an
Ohio business; DARYL LEAKE, an
individual; SOCIETY NATIONAL
BANK, an Ohio corporation,

        Defendants-Appellees.

and

JOSEPH GORMAN, an individual;
MICHAEL JOPLIN, an individual;
THE EDUCATION RESOURCES
INSTITUTE, INC., a Massachusetts
corporation; TRW, Inc., an Ohio
corporation; WEST CAPITAL
FINANCIAL SERVICES
CORPORATION, a California
corporation, and DOE entity,

        Defendants.

No. 96-1437
(D.C. No. 95-WY-2458-AJ)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant, appearing pro se, appeals the district court's grant of summary judgment in favor of defendants on all his claims. Because plaintiff has not shown the existence of a genuine issue of material fact, and because defendants Society National Bank (SNB), Daryl Leake, and Ameritrust of Cleveland (Ameritrust) are entitled to judgment as a matter of law, we affirm the summary judgment in favor of these defendants. We dismiss plaintiff's appeal of the orders resolving his claims against West Capital Financial Services Corporation (West Capital) and Michael Joplin for lack of jurisdiction.

In late April 1995, plaintiff applied for a Law Access Program loan to defray the costs of an educational program in Singapore during June and July. Plaintiff intended to leave the country a month early to wed a woman in Indonesia. On May 8, 1995, plaintiff contacted defendant SNB to determine the status of his loan. Defendant Leake informed him that the loan had been denied due to a "charge-off" debt on a credit report issued by TRW, Inc., and that he

could not reveal the source of the alleged debt, but that such information could be obtained from TRW. Upon being informed that plaintiff was leaving for Indonesia the next day, Leake allegedly gave plaintiff the impression he could reverse the denial if another credit report did not show the "charge-off" debt. While plaintiff remained on the phone, Leake accessed at least one other credit report which showed the alleged debt and a consumer statement disputing the debt. Leake would not identify the credit reporting agency issuing this report, but allegedly informed plaintiff that he would submit plaintiff's application to its guarantor, TERI, for approval.

On May 11, 1995, Leake submitted plaintiff's application and credit reports to TERI, and the application was approved on May 15, 1995. SNB disbursed the loan to the University of Colorado, and a check was mailed to plaintiff's parents, who deposited the funds in plaintiff's bank account. After leaving the country, plaintiff made no further efforts to check on the status of his loan or rectify the alleged error in his credit report until his return in August 1995.

When plaintiff returned to this country, he picked up a loan rejection letter sent by SNB on May 8, 1995, informing him that the loan had been denied because of a charge-off debt reported by "Trw Information Services," and that further information could be obtained by contacting the credit reporting agency. Although the letter gave plaintiff a correct toll-free phone number, it listed an old

address for the agency. Plaintiff called the listed phone number, but upon hearing that he could only obtain a copy of his credit report by mail, did not listen to the rest of the recording which contained a correct address. Plaintiff then located the correct address through the library, and wrote to TRW, who supplied him with a credit report. This credit report showed that plaintiff had been issued a loan in May 1995 by Ameritrust, an entity related to SNB.

In September 1995, plaintiff filed this action against numerous defendants, including SNB, Leake, and Ameritrust, as well as the parties allegedly responsible for reporting the "charge-off" debt, West Capital and Michael Joplin. He claimed that the denial of his loan and the impugnment of his credit caused his fiancee's family to withhold approval of his proposed marriage, required him to live in unpleasant conditions in Singapore, and caused him severe emotional distress as a result of the ongoing controversy. Plaintiff's complaint sought damages for willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681u, defamation, breach of contract, and products liability.

Numerous discovery disputes arose during this litigation, in which plaintiff alleged that defendants had not complied with his requests. In August 1996, defendants SNB, Leake, and Ameritrust filed a motion for summary judgment, and plaintiff responded. On September 17, 1996, the district court granted this motion, and plaintiff filed a notice of appeal on September 20, 1996. On

September 26, 1996, the district court entered an order granting summary judgment in favor of defendant West Capital and dismissing defendant Michael Joplin without prejudice.

We examine first whether we have jurisdiction over this appeal. Plaintiff's September 20, 1996 notice of appeal identified the decision appealed from as the "JUDGEMENT and ORDER granting two (2) illegally-filed motions for summary judgement by defendants Ameritrust of Cleveland, Daryl Leake, and Society National Bank entered in this action on September 16, 1996." Supplemental App., doc. 106. The notice of appeal was premature, however, as it was filed while the claims against West Capital and Michael Joplin remained outstanding. Upon the district court's disposal of these claims, the notice of appeal ripened, providing us with jurisdiction over plaintiff's appeal. See Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988). Our jurisdiction does not extend, however, to the district court's dismissal of the claims against West Capital and Michael Joplin, as plaintiff did not file a second notice of appeal designating these orders and judgments as the subject of his appeal. See Fed. R. App. P. 3(c) (requiring timely notice of appeal designating "the judgment, order, or part thereof appealed from"); Nolan v. United States Dep't of Justice, 973 F.2d 843, 845-47 (10th Cir. 1992) (holding that although premature notice of appeal ripened when order adjudicating outstanding claims was filed, court lacked jurisdiction to

consider merits of subsequent order absent second notice of appeal or its functional equivalent).

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. See Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. See Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The nonmoving party may not simply rely on allegations in the pleadings, however, but must set forth, by affidavits or other evidence, specific facts sufficient to show a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Flight Concepts Ltd. Partnership v. Boeing Co., 38 F.3d 1152, 1156 (10th Cir. 1994).

Plaintiff argues first that summary judgment was improper because the evidence showed that defendants willfully violated the Fair Credit Reporting Act. Under the Act, upon defendants' denial of plaintiff's loan application based on information in a credit report, they were required to disclose that fact to him and to supply him the name and address of the consumer reporting agency making the

report.  See 15 U.S.C. § 1681m(a) (1995).  Plaintiff argues that defendants violated this duty by failing to identify the producers of those credit reports relied upon to "confirm the denial" of his loan.  See Appellant's Br. at 23.  The statute does not require such disclosure, however, requiring only that defendants identify the producer of any credit report actually relied on in denying credit, as was done here, without regard to subsequent events.   Further, plaintiff failed to produce any evidence that the other credit reports were used to "confirm the denial," merely speculating that Leake had some type of authority to override the denial if other credit reports did not contain the same information.  See Appellant's App., doc. 88, ex. D, pp. 9-13.  Summary judgment was appropriate on this issue.

Plaintiff also argues that defendants violated the Act by supplying an incorrect name and address for TRW, Inc.  The district court held that defendants substantially complied with the requirements of the Act, citing Kiblen v. Pickle, 653 P.2d 1338, 1343 (Wash. Ct. App. 1982).  On the undisputed facts, we agree. The information provided by defendants accomplished the Act's purpose of identifying the agency issuing the adverse credit report and giving plaintiff a method of contacting them.  Based on this information, plaintiff, in fact, did contact TRW.  Further, there is no evidence that defendants acted willfully in sending plaintiff the outdated address.

Summary judgment was proper on plaintiff's breach of contract claim. Although plaintiff argues that judgment should not have been granted because defendants breached a contractual duty by not approving his application, which allegedly satisfied the Law Access Program's criteria, he provided neither proof of this contractual duty nor proof that he satisfied the criteria to the district court. Plaintiff's belated attempt to attach the contract to his brief will not save this claim, as we do not consider evidence that was not presented to the district court. See Allen v. Minnstar, Inc., 8 F.3d 1470, 1475-76 & nn.4, 5 (10th Cir. 1993) (holding that appellate court will not, in reviewing summary judgment ruling, consider evidence not before the district court).

Summary judgment was also proper on plaintiff's products liability claim. The district court granted judgment on the belief that Colorado would not consider credit reports to be "products," adopting the reasoning of L. Cohen & Co. v. Dun & Bradstreet, Inc., 629 F. Supp. 1425, 1430-31 (D. Conn. 1986) (holding that written materials were not products, and noting First Amendment ramifications of imposing strict liability on protected speech). Plaintiff claims that this holding ignores the law of the forum state, arguing that Colorado would consider credit report to be products.

We need not decide this issue, however, because plaintiff failed to establish that defendants manufactured such credit reports for sale, as is required to

maintain a products liability claim under Colorado law. <u>See</u> Colo. Rev. Stat.

§ 13-21-402 (providing strict liability action may not be maintained unless

defendant was manufacturer of product); § 13-21-401 (defining manufacturer as

party who designs or produces product "prior to the sale of the product to a user

or consumer"). Although plaintiff argues that there is evidence that defendants

assembled their own report from raw data, he did not present any such evidence to

the district court. Further, there is no evidence that a report produced by

defendants was then sold to a user or consumer. Finally, Colorado has limited

products liability actions to instances where a product causes "physical harm" to a

consumer, which has not been shown here. <u>See</u> <u>Hiigel v. General Motors Corp.</u>,

544 P.2d 983, 989 (Colo. 1975) (limiting application of strict liability to physical

harm caused to person or property); <u>see also</u> <u>Adams-Arapahoe Sch. Dist. No. 28-J</u>

<u>v. GAF Corp.</u>, 959 F.2d 868, 871 (10th Cir. 1992) (noting that Colorado expressly

limited doctrine to physical harm to person or property); Restatement (Second) of

Torts § 402A(1) (1965) (limiting liability to physical  harm caused to ultimate

user or consumer).

Finally, the district court did not err in granting summary judgment before

discovery was completed. In his response to defendants' motion for summary

judgment, plaintiff made no effort to notify the court that he was unable to

present his case absent additional discovery. <u>See</u> Appellant's App., doc. 100.

Nor did he take advantage of Fed. R. Civ. P. 56(f), which allows a party to obtain a continuance pending further discovery, upon filing an affidavit identifying the probable facts not available, the steps taken to obtain these facts, and how additional time will enable plaintiff to rebut defendants' allegations. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522-23 (10th Cir. 1992). "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir. 1986).

Defendants have moved to strike portions of plaintiff's brief. Because the documents attached to plaintiff's Opening and Reply briefs and certain statements referenced in the briefs were not presented to the district court, we grant defendants' motion insofar as it relates to such documents, statements, and arguments based thereon. See United States v. Farnsworth, 92 F.3d 1001, 1009 n.5 (10th Cir. 1996) (holding documents attached to appellate brief that were not before district court will be stricken).

The portion of plaintiff's appeal challenging the disposition of his claims against West Capital Financial Services and Michael Joplin is DISMISSED for

lack of jurisdiction, and the judgment of the United States District Court for the District of Colorado is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge