**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GLENN GALBRAITH,

       Plaintiff-Counter-
       Defendant-Appellant,

v.

LOUISE ROMERO, an individual;
PAUL WASKEIWICZ, an individual;
UNIVERSITY OF COLORADO;

       Defendants-Appellees,

BRETT GODFREY, an individual;
KEYCORP, an Ohio corporation;
DARYL LEAKE, an individual,

       Defendants-Counter-
       Claimants-Appellees.

No. 97-1215
(D.C. No. 96-WY-2256-AJ)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's orders (1) dismissing his claims against defendant University of Colorado and its employees, defendants Romero and Waskeiwicz, for lack of subject matter jurisdiction, and (2) granting defendants Godfrey, Keycorp, and Leake's combined motion to dismiss and motion for summary judgment. We affirm.

In April 1995, plaintiff applied for a Law Access Program loan to defray the cost of an overseas educational program. The loan was initially denied based on information contained in plaintiff's credit report. After a telephone discussion between plaintiff and defendant Leake, the loan was resubmitted and approved, and in May 1995 funds were disbursed to the University of Colorado by Society National Bank, a wholly owned subsidiary of Keycorp. The check was sent to plaintiff's parents, who deposited the loan in plaintiff's account. Defendants Waskeiwicz and Romero, who are employees of the University of Colorado, participated in the loan application and disbursement process.

In September 1995, plaintiff filed case number 95-WY-2458-AJ, seeking damages from numerous defendants, including defendants Leake and Society

National Bank, for injuries allegedly caused by the initial loan denial and the subsequent loan approval and disbursement. Defendant Godfrey represented defendants Leake and Society National Bank in the case. Summary judgment was granted in favor of defendants, which we affirmed in Galbraith v. Ameritrust of Cleveland, No. 96-1437, 1997 WL 459814 (10th Cir. Aug. 13, 1997).

In September 1996, plaintiff filed his current claims against the University of Colorado, Waskeiwicz, Romero, Keycorp, and Leake for their roles in the loan denial and disbursement proceedings, and against defendants Leake, Keycorp, and Godfrey for their conduct during the prior litigation. The district court dismissed plaintiff's claims against defendants University of Colorado, Waskeiwicz, and Romero based on the Eleventh Amendment, and granted the remaining defendants' combined motion to dismiss and motion for summary judgment. This appeal followed.

We review de novo a dismissal for lack of subject matter jurisdiction. See Painter v. Shalala, 97 F.3d 1351, 1355 (10th Cir. 1996). We also review summary judgment rulings de novo, applying the same standard as the district court. See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851 (10th Cir. 1996). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In addition, the preclusive effect of a former judgment is a question of law which we review de novo. See Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995).

The Eleventh Amendment bars suits in federal court for damages against states, state agencies, and state officials in their official capacities, unless the state unequivocally waives its immunity or Congress expressly abrogates the state's immunity in creating a statutory cause of action. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 97-102 (1984). The University of Colorado is an agency of the state entitled to Eleventh Amendment immunity. See Rozek v. Topolnicki, 865 F.2d 1154, 1158 (10th Cir. 1989) (holding University of Colorado immune under Eleventh Amendment).

Employees Waskeiwicz and Romero also are entitled to immunity under the Eleventh Amendment for acts performed in their official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding official capacity suit is suit for damages against state barred by Eleventh Amendment). Plaintiff has not shown that his claims were brought against these defendants in their personal capacities. Further, his claims are simply state law tort claims, which do not provide an independent basis for jurisdiction in federal court. The district court was correct,

-4-

therefore, in dismissing plaintiff's claims against defendants University of Colorado, Waskeiwicz, and Romero for lack of jurisdiction.

The district court was also correct in granting the remaining defendants' combined motion to dismiss and motion for summary judgment. The claims against defendants Keycorp and Leake, arising out of the loan denial and the subsequent loan approval and disbursement, are barred by res judicata. The four elements necessary for application of this doctrine have been satisfied: the former lawsuit ended with a judgment on the merits, the parties are identical or are in privity, the current suit is based on the same cause of action, and plaintiff had a full and fair opportunity to litigate his claims in the prior suit. See Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

The outrageous conduct claims against Leake and Keycorp, arising out of their conduct during the prior litigation, were properly dismissed because (1) plaintiff's allegations were insufficient to show, as a matter of law, that defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," Rugg v. McCarty, 476 P.2d 753, 756 (Colo. 1970) (en banc) (quotations omitted), and (2) the appropriate remedy for defendants' alleged falsehoods and procedural violations was a motion for sanctions in the prior suit, which the district court denied, see R. I, doc. 22,

-5-

exs. I & J; <u>Henry v. Kemp</u>, 829 P.2d 505, 506-07 (Colo. Ct. App. 1992) (holding Colorado Rule of Civil Procedure 11 was exclusive remedy, and that tort claim for alleged Rule 11 violation could not be asserted in separate proceeding).

Finally, plaintiff's defamation and outrageous conduct claims against Godfrey, based on his allegedly false statements during the previous litigation, were properly dismissed because such statements were absolutely privileged. <u>See</u> <u>Buckhannon v. U.S. West Communications, Inc.</u>, 928 P.2d 1331, 1334-35 (Colo. Ct. App. 1996) (holding attorney privileged to make allegedly false derogatory statements during course of litigation, shielding attorney from tort claims such as defamation and intentional infliction of emotional distress). The fraud claim also was properly dismissed because plaintiff failed to present evidence of a fraudulent loan transaction.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-6-