**In re Martha S. GRIEGO, Debtor.**

**Martha S. GRIEGO, Appellant,**

v.

**Raymond E. PADILLA, Appellee.**

No. 94–2264.

United States Court of Appeals, Tenth Circuit.

Sept. 1, 1995.

Harold Worland, Albuquerque, NM, for appellant.

W. Anthony Sawtell of Catron, Catron, & Sawtell, P.A., Santa Fe, NM, for appellee.

Before TACHA, LOGAN, and BRISCOE, Circuit Judges.

LOGAN, Circuit Judge.

Appellant Martha Griego appeals the district court's affirmance of the bankruptcy court's dismissal of her "Complaint to Determine Dischargeability of Debt and Determine Value of Claim" filed in connection with her Chapter 7 bankruptcy petition.[1] That petition sought to discharge a state court judgment against Ms. Griego in favor of Raymond E. Padilla. The issues on appeal are whether (1) the magistrate judge had jurisdiction to make proposed findings and recommended disposition to the district court on appeal from the bankruptcy court, (2) the district court reviewed de novo that recommended disposition, and (3) the district court was correct in holding that Padilla's state court judgment precluded litigation of the issue in the bankruptcy proceeding. We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

The genesis of this litigation was a beating that Padilla suffered at the hands of Tomas Griego, Ms. Griego's son and employee, in a bar owned and operated by Ms. Griego. Padilla commenced a state action against the estate of Tomas Griego[2] and Ms. Griego (collectively, the Griego defendants), seeking compensatory damages of $250,000 and punitive damages of $50,000. The suit alleged liability against Ms. Griego under the doctrine of respondeat superior.

The Griego defendants employed attorney Lance Bailey who entered an appearance on their behalf. Bailey later informed counsel for Padilla that he no longer would be representing the Griego estate and the matter would be handled by attorney Lee Deschamps. Through her attorneys Ms. Griego answered Padilla's first set of interrogatories but not his second set. She did not respond to a first request for admissions, which asked her to admit or deny that Padilla's medical bills totalled $927.55, or to a second request for admissions.

Padilla moved for summary judgment supported by his affidavit, his second request for admissions, photographs depicting his wounds, and the emergency room report. The motion was served on Bailey, Deschamps, and another attorney, Patsy Reinard, but not on Ms. Griego personally. Neither Bailey, Deschamps, nor Reinard responded to the motion or notified Ms. Griego of its pendency. The trial court granted summary judgment on the merits against the Griego defendants jointly and severally for compensatory damages in the amount of $250,000, and against Ms. Griego for punitive damages in the amount of $50,000.

The Griego defendants employed new counsel and unsuccessfully moved for relief from judgment and reconsideration. They asserted they were unaware that discovery requests had been served on their attorneys, that the case had been set for a hearing, or that a proposed judgment had been presented. They also asserted they had a meritorious defense. On appeal after denial of that motion, the New Mexico Court of Appeals affirmed, concluding the neglect by the Griego attorneys was inexcusable but the Griego defendants were bound by that conduct.

---

2. Tomas Griego died sometime between the assault and the filing of the complaint, apparently for reasons unrelated to the lawsuit.

The Griego defendants next commenced a state court action for relief from judgment, contending it was procured by fraud on the court. Specifically, they asserted that Padilla had falsified information concerning the extent of his injuries. The trial court concluded that res judicata applied because the information concerning Padilla's claim for damages could have been discovered before the date of the original judgment. It therefore granted Padilla summary judgment. Apparently the Griego defendants never appealed that judgment.

Ms. Griego then filed a petition in the bankruptcy court for relief under Chapter 7 of the Bankruptcy Code. She there requested a determination that Padilla's $300,000 judgment was dischargeable and a valuation of his claim. The bankruptcy court determined there was no issue of dischargeability as Padilla conceded his debt was dischargeable. But the bankruptcy court determined that Ms. Griego's remaining claims were barred by res judicata. The district court adopted its magistrate judge's recommendation to affirm the bankruptcy court order.

## I

Ms. Griego first claims that the magistrate judge had no jurisdiction to make proposed findings and a recommendation because the record is devoid of an order referring the case to him, as required by statute. She asserts that the only evidence of record a referral had been made was a letter from the clerk stating that the case had been reassigned to a magistrate judge for discovery purposes.[3]

A magistrate judge's lack of statutory authority is not a jurisdictional defect; thus, objection to such authority is waived if not timely raised. *Clark v. Poulton*, 963 F.2d 1361, 1367 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). Objections to a magistrate judge's recommendation must be filed within ten days of service of the recommendation. Fed. R.Civ.P. 72(b).

Ms. Griego argues that she raised this jurisdictional issue in her objections to the magistrate judge's recommendation. We do not agree. The magistrate judge's recommendations were stated in eight numbered paragraphs. Ms. Griego's objections were stated in four numbered paragraphs. The first three specifically referenced paragraphs 2, 5 and 6 of the magistrate judge's proposed findings. The fourth states as follows: "Mrs. Griego objects to the jurisdiction of the Magistrate Court and the Magistrate Judge's proposed recommended disposition of affirmance *based on the arguments previously made*." App. 70 (emphasis added). No reasonable construction of this sentence would put the district court on notice that a basis for Ms. Griego's objection was the alleged lack of a referral order. We conclude that she waived her objection to the magistrate judge's authority.

## II

The next issue is whether the district court failed to conduct a de novo review of the magistrate judge's recommendation as required by 28 U.S.C. § 636(b).[4] De novo

3. The district court docket sheet does reflect an order of referral on 8/18/94 as follows:
   MINUTE ORDER: terminating case referral to Magistrate Lorenzo F. Garcia, Case referred to Magistrate William Deaton; all further pleadings should reflect case No. CIV 93–1069JP/WWD (cc: all counsel) (ddc)
   App. 127. The district court has informed us that this notation on the docket is the entire order of referral to Magistrate Judge Deaton. That docket sheet contains no reference to an order of referral to Magistrate Judge Garcia. For the reasons explained in the text of our opinion, the lack of any explicit order of referral or statutory reference or limitation on the magistrate judge's authority in a referral order is not critical to our decision.

4. Ms. Griego assumes that § 636(b)(1)(B) is the appropriate statutory basis for the referral in this case. This subsection allows a district court to designate a magistrate judge to make proposed recommendations concerning motions that are excepted from subsection 636(b)(1)(A). A bankruptcy appeal is not one of these excepted motions. Section 636(b)(3) permits assignment to a magistrate judge of "such additional duties as are not inconsistent with the Constitution and laws of the United States." We held in *Hall v. Vance*, 887 F.2d 1041, 1046 (10th Cir.1989), that a district court could refer a bankruptcy appeal to a magistrate judge as long as the referral was solely to define and focus the issues on appeal and the district court reserved for itself the final decision. We did not indicate under which pro-

review is required when a party files timely written objections to the magistrate judge's recommendation. *Bratcher v. Bray–Doyle Indep. Sch. Dist. No. 42,* 8 F.3d 722, 724 (10th Cir.1993). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id.* We presume the district court is aware of this requirement. *Id.*

Ms. Griego claims the district court's order providing that "the Court having made a de novo determination of those portions of the Magistrate Judge's proposed findings and recommended disposition objected to," App. 1, shows the district court merely reviewed the magistrate judge's recommendation. We disagree. Section 636(b)(1) requires that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The district court merely repeated the language of § 636(b)(1) to indicate its compliance. It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review. As Ms. Griego offers no other support for her contention that the district court failed to conduct a de novo review, we reject it.

## III

■ Finally, we turn to whether the district court erred in concluding that res judicata precluded the bankruptcy court from redetermining the amount of Padilla's damages. The preclusive effect of a judgment is a question of law reviewed de novo. *Johnson v. Laing (In re Laing),* 945 F.2d 354, 357 (10th Cir.1991).

vision of § 636(b) the referral could be made. We need not resolve this issue here because de novo review is required in both § 636(b)(1) and § 636(b)(3) referrals. *See Rajaratnam v. Moyer,*

■ The doctrine of res judicata applies generally to bankruptcy proceedings. *DePaolo v. United States (In re DePaolo),* 45 F.3d 373, 376 (10th Cir.1995). An exception exists for certain issues regarding dischargeability of debts. *Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979); *see RTC v. McKendry (In re McKendry),* 40 F.3d 331, 335 (10th Cir.1994). However, because Padilla has conceded dischargeability this exception is inapplicable.

■ The question is whether the New Mexico courts would give preclusive effect to Padilla's $300,000 judgment. *See Laing,* 945 F.2d at 358. In New Mexico, res judicata is applicable "if the parties to the two separate actions are the same or in privity, the two causes of action are substantially the same, and there has been a final decision adjudicated on the merits in the first suit." *Johnson v. Aztec Well Servicing Co.,* 117 N.M. 697, 699–700, 875 P.2d 1128, 1130–31 (Ct.App. 1994). Ms. Griego contends res judicata should not apply because Padilla's $300,000 judgment was not a final decision on the merits. We disagree. The New Mexico Court of Appeals has already concluded the judgment was a summary judgment, not a default judgment. Even if it were a default judgment, however, res judicata would still apply. *First State Bank v. Muzio,* 100 N.M. 98, 101, 666 P.2d 777, 780 (1983), *overruled on other grounds, Huntington Nat'l Bank v. Sproul,* 116 N.M. 254, 861 P.2d 935 (1993).

■ Ms. Griego also argues that res judicata should not apply because her attorneys' negligence denied her an opportunity to be heard before entry of the $300,000 judgment. Res judicata does not apply if the party against whom an earlier decision is asserted did not have a "full and fair opportunity" to litigate a claim or issue. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 480–81 & 481, n. 22, 102 S.Ct. 1883, 1896–97 & 1897 n. 22, 72 L.Ed.2d 262 (1982) (citations omitted). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures fol-

47 F.3d 922, 924 n. 8 (7th Cir.1995); *NLRB v. Frazier,* 966 F.2d 812, 816 (3d Cir.1992); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 925 F.2d 853, 856 n. 5 (5th Cir.1991).

lowed in prior litigation." *Id.* at 481, 102 S.Ct. at 1897 (citations omitted); *see also Morgan v. City of Rawlins,* 792 F.2d 975, 979 (10th Cir.1986). However, "where the issue of due process [requiring notice and an opportunity to be heard] has been litigated and a final judgment entered, the determination of that issue, right or wrong, is res judicata." *Hanley v. Four Corners Vacation Properties, Inc.,* 480 F.2d 536, 538 (10th Cir.1973). Ms. Griego raised the issue of her attorneys' negligence in her motion for relief from judgment and reconsideration. The state trial and appellate courts considered and rejected this issue. It cannot be relitigated.[5]

■ Finally, Ms. Griego contends that res judicata is inapplicable because the question of Padilla's attorney's noncompliance with N.M.Stat.Ann. § 36–2–15 was not raised in any prior proceeding.[6] Res judicata, however, precludes litigation of issues that could have been determined in earlier proceedings. *Muzio,* 100 N.M. at 101, 666 P.2d at 780. Ms. Griego contends this issue could not have been raised in the earlier proceedings because she only learned of the attorney's lack of compliance in a later legal malpractice action. However, the attorney's noncompliance was not a new fact that occurred after completion of the earlier proceedings. Rather, Ms. Griego simply did not learn of that fact until later. This is insufficient to establish the issue could not have been determined in either the original action or the action to set aside the $300,000 judgment. *Cf. Johnson v. Flemming,* 264 F.2d 322, 324 (10th Cir.1959) (res judicata precludes litigation concerning facts and conditions as they existed at time judgment rendered, but does not apply to new facts not existing at time of prior judgment).

AFFIRMED.

---

**5.** Ms. Griego also cannot contend that res judicata is unavailable because Padilla's $300,000 judgment was procured by fraud. This issue was decided adversely to her in her petition for relief from judgment and cannot be relitigated. *See Heiser v. Woodruff,* 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946).

**6.** N.M.Stat.Ann. § 36–2–15 provides, "When an attorney ... ceases to act as such, a party to an action or proceeding for whom he was acting must, before any further proceedings are had against him, be required by the adverse party, by written notice to appoint another attorney or to appear in person."