**UNITED STATES COURT OF APPEALS**
**Filed 11/4/96**
**TENTH CIRCUIT**

MONTGOMERY CARL AKERS,

      Plaintiff-Appellant,

v.

SHARON SANDOVAL; DEIRDRE
ELLEN WOOD; MICHAEL
MARTINEZ; FRED BACH; ROBERT
JACOBS; RICHARD MICKLICK;
DOYLE THOMAS; HERMAN KELT;
VICKI EMLAW; VICKI ESPARZA;
ROBERT ESPARZA; THOMAS
REED; KATHRYN DELGADO,

      Defendants-Appellees.

No. 95-1306
(D.C. No. 94-B-2445)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

The pro se Appellant, Mr. Akers, commenced an action alleging Defendants, who include both public employees and private citizens, were engaged in a racketeering enterprise designed to deprive him of his constitutional rights in violation of the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. §§ 1961 - 1968 (1994). Mr. Akers additionally alleged Defendants violated his constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 (1994). Mr. Akers also alleged the Defendants committed the state torts of false arrest and failure to supervise. One Defendant filed a motion for summary judgment, while the remaining Defendants filed motions to dismiss.

Mr. Akers then filed a motion to amend his original complaint, which the district court granted. Mr. Akers subsequently filed a motion for extention of time to file the complaint. The district court granted the motion, but Mr. Akers failed to meet the extended deadline. Mr. Akers filed a second and then a third motion for extension of time. A magistrate judge denied the second motion; the district court denied the third.

The case was referred to a magistrate judge for recommendation on the pending motions to dismiss and the motion for summary judgment. The magistrate judge recommended the district court grant all pending motions to dismiss, and the motion for summary judgment. The magistrate judge also recommended Mr. Akers be enjoined from filing future actions in the United States District Court for the District of Colorado without representation or permission. The district court, upon *de novo* review of the magistrate judge's recommendations, granted the Defendants' motions to dismiss and the motion for summary judgment. The district court also enjoined Mr. Akers from filing future actions absent representation or leave of the court to proceed pro se. Mr. Akers appealed, and we affirm.

Mr. Akers first argues the district court failed to review the magistrate judge's recommendations *de novo*. We disagree. Mr. Akers challenged the magistrate judge's recommendations. Upon a party's submission of a timely objection to a magistrate judge's recommendation, district court judges must conduct a *de novo* review of the record. 28 U.S.C. § 636(b)(1) (1994); *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). While the district court's duty is satisfied only by considering the record itself, and not by merely reviewing the

magistrate judge's report, we presume the district court knows what is required. *Id*. An express statement by the district court that it conducted a *de novo* review of the record will not be disturbed absent "some clear indication otherwise." *Bratcher*, 8 F.3d at 724. Such a statement is commonly used where the district court feels the magistrate judge has dealt with the issues fully and accurately and feels it could add little of value to that analysis. *In re Griego*, 64 F.3d at 584.

Here, the district court expressly stated that before adopting the magistrate judge's recommendations, it had conducted a *de novo* review of the record. Mr. Akers attempts to argue that the merits of his claim and the court's brief treatment of the case show the district court failed to properly review the record. We find these arguments unpersuasive. Mr. Akers has failed to establish any indication the district court did not review the record as required, and brevity alone does not warrant "'look[ing] behind a district court's express statement that it engaged in a *de novo* review of the record.'" *Bratcher*, 8 F.3d at 724 (quoting *Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir. 1991), *cert. denied*, 502 U.S. 1110 (1992)). As Mr. Akers offers no other support for his contention the district court failed to conduct a *de novo* review, we reject it. We hold the district court properly conducted a *de novo* review of the magistrate judge's recommendations.

Mr. Akers next argues the district court erred in denying his second and third motions for extention of time to file an amended complaint. We disagree. We review the denial of a request for extension of time made pursuant to the Fed. R. Civ. P. 6(b)(1) under an abuse of discretion standard. *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). In supervising the court, a judge is constantly making case-management oriented decisions which are, of necessity, discretionary. In recognition of trial courts' superior position to make these decisions, we afford trial courts a correspondingly deferential level of appellate review under the abuse of discretion standard. The test we apply is not how we would have decided the issue had it been before us, but rather, was the trial court's decision within a broad zone of permissibility?

The district court granted Mr. Akers' first motion for extention of time, and Mr. Akers failed to file an amended complaint. When making his additional motions, Mr. Akers claimed additional time was necessary to gather information and claimed his incarceration restricted his access to counsel. Mr. Akers had nearly eight months from the filing of his original complaint to the deadline for his amended complaint to conduct an investigation and to secure counsel. The district court concluded Mr. Akers' asserted reasons for delay were insufficient to show good cause warranting further time extension for Mr. Akers to amend his

complaint. Upon careful review of the record, we find no indication the district court abused its discretion in denying Mr. Akers' additional motions for extention of time.

Mr. Akers next argues the district court erred in enjoining him from filing future actions in the United States District Court for the District of Colorado without counsel or leave of the court. We disagree. The district court has power to enjoin litigants who abuse the court system by harassing their opponents. 28 U.S.C. § 1651(a) (1994); *Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). The district court properly exercised this power. Mr. Akers argues the injunction is improper because the district court made no findings he was abusive, and because he is merely litigious, not abusive. We are not persuaded by these arguments. The magistrate judge made findings and documented Mr. Akers' abusive history, and the district court adopted the magistrate judge's findings. Consequently, we find the district court properly exercised its discretion in enjoining Mr. Akers from filing future actions.

Mr. Akers next argues the district court erred in granting the Defendants' motions to dismiss and motion for summary judgment with regard to his

Racketeer Influenced and Corrupt Organizations Act claims, his *Bivens* claims, and his § 1983 claims. We review these motions *de novo*, and affirm the district court.

In his recommendations, the magistrate judge dealt with the merits of each motion to dismiss and the motion for summary judgment. Due to the thorough nature of these recommendations, upon careful review of the record, we adopt these findings and affirm the district court for substantially the same reasons.

Mr. Akers argues the motions as to the individual federal defendants should not have been granted because those defendants are not entitled to qualified immunity. Mr. Akers argues the individual federal defendants are not entitled to qualified immunity because they have violated clearly established laws. We remain unpersuaded by this argument. The claims upon which Mr. Akers relies are meritless, such that the Defendants need not rely on their qualified immunity. Nevertheless, the federal Defendants are entitled to such immunity. Government officials performing discretionary functions under color of law are entitled to qualified immunity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Woodward v. City of*

*Worland*, 977 F.2d 1392, 1396 (10th Cir. 1992), *cert. denied*, 509 U.S. 923 (1993).  Although Mr. Akers may assert claims falling under clearly established law, he has failed toprovide facts or allegations sufficient to show the federal Defendants violated clearly established law.  *See id.*  As a result, Mr. Akers' claims must fail.

Mr. Akers also argues he has sufficiently stated a claim under the Racketeer Influenced and Corrupt Organizations Act, *Bivens* and § 1983.  We agree with the magistrate judge that Mr. Akers has failed to allege sufficient facts to support his claims.  We also agree with the magistrate judge that Mr. Akers' state tort claims lack merit.

Mr. Akers further argues the district court erred in substituting the United States for the federal defendants in the state tort claims.  This argument is meritless.  Pursuant to 28 U.S.C. § 2679(d)(1) (1994), the United States Attorney General through the United States Attorney for the District of Colorado certified that at the time of the incidents alleged, the federal defendants were acting within the scope of their federal employment.  In the Tenth Circuit, once the attorney general decides under subsection (d)(1) to certify an action, the substitution of the United States as a defendant does not admit discretion.  *Aviles v. Lutz*, 887 F.2d

1046, 1049 (10th Cir. 1989).  The attorney general need not provide more than the certificate.  28 U.S.C. § 2679(d)(1) & (2).

Mr. Akers also argues the district court erred in dismissing claims against the Defendants because they failed to comply with Fed. R. Civ. P. 55(a).  Mr. Akers argues the Defendants failed to "otherwise defend" their actions such that a default judgment should be entered against them.  This argument is wholly without merit.  A motion to dismiss constitutes defending an action within the meaning of Fed. R. Civ. P. 55(a).

Additionally, Mr. Akers argues the district court erred for the following reasons:  the district court erred in dismissing Mr. Akers claims against Judge Thomas Reed because Judge Reed is not entitled to immunity; the district court erred in denying his motion for sanctions under Fed. R. Civ. P. 11(b); the district court erred in accepting false information from counsel; the district court erred because it was not objective.  Upon careful review of the record, we reject these arguments as meritless and affirm the recommendations of the magistrate judge and the district court's orders for substantially the same reasons.

Accordingly, the judgment of the United States District Court for the

District of Colorado dismissing all claims is **AFFIRMED**.


                              **Entered for the Court**


                              **WADE BRORBY**
                              United States Circuit Judge