F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEROY BUHL,

      Plaintiff-Appellant,

      v.

THE UNITED STATES OF
AMERICA,

      Defendant-Appellee.

No. 04-1137

District of Colorado

(D.C. No. 03-B-0063)

**ORDER AND JUDGMENT** *

Before **EBEL, MURPHY** , and **McCONNELL** , Circuit Judges.

Plaintiff Leroy Buhl, a pro se prisoner, claims that prison officials deducted

$150 from his inmate trust account without his consent. The district court granted

the Government's Motion for Summary Judgment on the grounds that Mr. Buhl

failed to present his summary judgment evidence in a timely fashion and, in the

alternative, that he failed to exhaust his administrative remedies. Because Mr.

Buhl failed to exhaust his administrative remedies, we VACATE the district

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's Order granting the Motion for Summary Judgment and DISMISS for lack of jurisdiction.

## I.

Leroy Buhl is currently incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. At the time of the events underlying the present lawsuit, he was incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP"). Mr. Buhl was transferred to USP from the New Jersey State Prison in 2001. On November 27, 2001, the New Jersey State Prison closed Mr. Buhl's inmate trust account and forwarded a check for the balance of $15.17 to USP. [Rec. Doc. 18 paras. 3–4 & Exhs. A, B.] USP's accounting records show three closely spaced entries on December 11, 2001: (1) a credit of $150 at 13:11; (2) a deduction of $150 at 13:12; and (3) a credit of $15.17 at 13:13. [Rec. Doc. 8, Ex. A-1, at 3] Each entry is labeled in the accounting records as a "State Check." [*Id.*] This sequence of transactions led Mr. Buhl to believe that USP employees had stolen $150 from his account.

On May 24, 2002, Mr. Buhl filed an administrative complaint under the Federal Tort Claims Act, 28 U.S.C. 1346(b), §2671–2680, alleging that USP employees withdrew $150 from his account without his consent. He claimed that he did not discover the alleged theft until he received an account statement on May 1, 2002. He identified the Business Office Manager at the New Jersey State

Prison as his only witness. Along with his claim form, Mr. Buhl submitted a letter dated May 24, 2002, which stated, "N J State Prison financial records reveal when I departed therefrom on 11-28-2001, my account contained over $180."

The Bureau of Prisons denied Mr. Buhl's claim in writing on November 12, 2002. The denial letter stated, "Investigation of your claim could not establish you suffered a property loss as a result of a negligent act or omission of a Federal Bureau of Prisons employee acting within the scope of his or her employment." [*Id.*] Mr. Buhl submitted six additional letters and grievances to prison officials between May and July 2002, each based on the same factual theory as his administrative claim. Prison officials informed Mr. Buhl that the New Jersey State Prison sent only one check and that the $150 credit was an accounting error.

In his original Complaint, filed January 13, 2003, Mr. Buhl asserted claims under the Federal Tort Claims Act, the Fourth Amendment, and the Fifth Amendment against the Central Director for the Federal Bureau of Prisons. Pursuant to the district court's order, Mr. Buhl filed his Amended Complaint, adding the United States as a defendant and the USP Mail Room Clerk as a John Doe defendant. On March 27, 2003, the district court dismissed the constitutional claims and the individual defendants sua sponte. Mr. Buhl does not appeal this order.

The United States filed its Motion to Dismiss or, in the Alternative, for

Summary Judgment, on July 7, 2003. The Government's Motion included evidence that the New Jersey State Prison never issued a $150 check to Mr. Buhl and that the check for $15.17 represented full payment of the closing balance of his account. On July 22, 2003, Mr. Buhl filed a Motion for Extension of Time to respond, in which he claimed that "in November of 2001 Plaintiff's friend forwarded to Plaintiff a check, money order, or cash money in the Amount of 150.00$." [*Id.*] The magistrate judge granted his motion.

On September 8, 2003, Mr. Buhl filed his Response to Defendant's Motion to Dismiss; And, Motion for Declaratory and/or Summary Judgment. In his Response, Mr. Buhl alleged that one David Moore, Sr. mailed him a money order for $150 at the New Jersey State Prison on November 23, 2001. He attached the Sworn Declaration of David Moore, Sr., a handwritten document dated August 22, 2003, which includes the following account:

> In the year of 2001, when Leroy Buhl #229691, was imprisoned at the New Jersey State Prison, CN 861, Trenton, New Jersey, I forwarded money orders to Leroy Buhl, by first class mail. On or about May 4, 2001, a money order for one hundred dollars (100.00$) was sent to Leroy Buhl, and on or about November 23, 2001, another money order for one hundred and fifty dollars (150.00$) was sent to Leroy Buhl at his address in New Jersey State Prison. Leroy Buhl advised me in January 2002, that he did not receive the forementioned one hundred and fifty dollars that I sent to him while he was imprisoned at the New Jersey State Prison.

*See* Appellant's Opening Brief at A-2. Adopting the magistrate judge's

recommendation that consideration of Mr. Buhl's new evidence would be improper and, in the alternative, that Mr. Buhl failed to exhaust his administrative remedies, the district court granted the Government's Motion for Summary Judgment and denied Mr. Buhl's motions for declaratory judgment and summary judgment as moot.

## II.

Mr. Buhl presents two claims on appeal. First, he claims that the district court abused its discretion by failing to perform de novo review of his pleadings. Second, he claims that the district court abused its discretion by granting the Government's Motion for Summary Judgment. We also address Mr. Buhl's request to proceed without prepayment of fees or security pursuant to 28 U.S.C. § 1915.

## A.

The district court "shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b). The court below stated that it had conducted de novo review of the record, which is generally sufficient to establish the court's compliance with Rule 72. *See Griego v. Padilla*, 64 F.3d 580, 583–84 (10th Cir. 1995). Because Mr. Buhl presents no evidence that the district court failed to conduct de novo review, we lack any

basis to reverse the district court's order on this ground.

B.

Mr. Buhl characterizes his second issue as "Abuse of Judicial Discretion, by failing/refusing Declaratory Judgment." Appellant's Opening Brief at 19. The district court refused to consider Mr. Buhl's new summary judgment evidence because it was inconsistent with his Complaint and because he failed to submit it until the government had discredited his original theory.[1] The court held, in the alternative, that Mr. Buhl failed to exhaust his administrative remedies.[2] Because we affirm on the jurisdictional ground, we do not reach the evidentiary issue.

We review dismissal for lack of subject matter jurisdiction de novo. *See McBride v. Citgo Petrol. Corp.*, 281 F.3d 1099, 1104–05 (10th Cir. 2002). The

---

[1] Mr. Buhl also argues that the court erred in dismissing his Complaint because his declaratory judgment request preserved his right to a jury trial. "The Declaratory Judgment Act specifically preserves the right of jury trial on issues for which that right is otherwise guaranteed." *United States v. New Mexico*, 642 F.2d 397, 400 (10th Cir. 1981). Mr. Buhl is not entitled to a jury trial under the FTCA, see 28 U.S.C. § 2402, so there is no right for the Declaratory Judgment Act to preserve. Having dismissed his claim for lack of subject matter jurisdiction, the district court properly dismissed his motions for declaratory judgment as moot.

[2] The Government argues that Mr. Buhl cannot challenge this ruling because he failed to raise it in his Opening Brief. *See Codner v. United States*, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994). However, because Mr Buhl clearly stated his challenge to the district court's order dismissing his Complaint, and in keeping with our general practice of construing pro se appellate filings liberally, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we find that Mr. Buhl has preserved this issue for appeal.

FTCA imposes a jurisdictional bar against claims brought before the exhaustion of administrative remedies. 28 U.S.C. § 2675(a); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). The FTCA's exhaustion requirement provides the agency that allegedly caused the injury, which presumably has the best information about the claim, a chance to examine and resolve the claim before litigation. *See McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993). In order for the exhaustion requirement to serve its intended purpose, the claimant must provide the agency with detailed facts sufficient to investigate the claim. *See Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam) ("A claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims."); *Murrey v. United States*, 73 F.3d 1448, 1451–52 (7th Cir. 1996) ("[The administrative complaint] resembles a civil complaint in not requiring a statement of legal theories, but differs in requiring a detailed statement of facts.").

In his administrative claim, Mr. Buhl alleged that the New Jersey State Prison sent two checks to Terre Haute, that both checks were deposited by prison officials, and that the check for $150 was immediately withdrawn without his consent. He also claimed that his New Jersey inmate trust account contained over $180 when he was transferred. The claim form required him to identify witnesses, but he listed only the Business Office Manager at the New Jersey State

Prison. The Bureau of Prisons conducted an investigation, effectively disproving each of Mr. Buhl's factual allegations. Brenda O'Gara, an administrative analyst at the New Jersey State Prison, stated that the New Jersey State Prison closed Mr. Buhl's inmate trust account on November 27, 2001, that it issued a single check to Mr. Buhl for the closing balance of $15.17, and that the state prison had no record of a $150 payment to Mr. Buhl.

Mr. Buhl did not advance his new factual theory or attempt to submit supporting evidence until the Government disproved his original theory. Mr. Buhl argues, however, that the prison accounting records led him to believe that the New Jersey State Prison mailed him a state check for $150. He claims that, although he knew about Mr. Moore's gift as early as January 2002, the prison records led him to believe that the money was deposited in his prison account before it was transferred to USP. He therefore had no reason to believe that USP received a money order, as opposed to a state check, until after the Government filed its Motion for Summary Judgment.

Mr. Buhl's own representations show that this is not the case. Mr. Moore's Declaration indicates that he and Mr. Buhl discussed a missing gift of $150 in January 2002. Mr. Buhl's Objection to the Magistrate's Report and Recommendation states, "In January 2002, shortly after my arrival in A.D.X. Florence, Colorado, after being in transit since November 28, 2001, I learned

from David Moore that he sent me a money order for 150.00$." Doc. 29, at 2. At the time he submitted his administrative claim, Mr. Buhl was aware that Mr. Moore sent him a money order for $150. Assuming that his claims are true, his failure to include all known and relevant facts in his administrative complaint prevented the Bureau of Prisons from conducting a full investigation. He therefore failed to exhaust his administrative remedies, and the district court lacked subject matter jurisdiction over his claims.

III.

For the reasons stated above, we VACATE the district court's Order granting the Government's Motion for Summary Judgment, and we DISMISS Mr. Buhl's complaint for lack of jurisdiction. We DENY Mr. Buhl's motion to proceed on appeal without prepayment of costs or fees and direct Mr. Buhl to make immediate payment of the full amount of the appellate filing fee.

Entered for the Court,

Michael W. McConnell
Circuit Judge