FILED
United States Court of Appeals
Tenth Circuit

**February 15, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALFRED MCZEAL; MATTHEW D. HAYNIE; NHUT HUY LE; CHAI MISTY LE; LOFTON RYAN BURRIS,

 Plaintiffs - Appellants,

and

MARK S. MILLER; JAMILEH MILLER,

 Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC; MIDSOUTH BANK, NA; HREAL COMPNAY, LLC; MIDSOUTH BANK SHARES, INC.; L.J. ANDELLE; PHH MORTGAGE CORPORATION; WELLS FARGO BANK N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION; J.P. MORGAN CHASE BANK N.A.; US BANK, National Association As Trustee for Mortgage Pass Through Certificates Series 1998 R3, Mortgage Electronic Registration System; DEUTSCHE BANK NATIONAL TRUST COMPANY; RBS FINANCIAL; ALTISOURCE; MACKIE, WOLF, ZIENTZ & MANN, P.C.; THE ACADEMY LAW GROUP, P.A., formerly known as Schiller & Adam, P.A.; HINSHAW & CULBERTSON, LLP; MCCARTHY & HOLTHUS, LLP; QUALITY LOAN SERVICES; DOUGLAS A. TOLENO; KENDRA WILEY; SAMUEL R. COLEMAN; ELLEN B. SILVERMAN; JAY L.

No. 15-1388
(D.C. No. 1:15-CV-01381-WJM-MJW)
(D. Colo.)



ANGELLE,

    Defendants - Appellees.

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS** and **McHUGH**, Circuit Judges.[**]
_____

    Plaintiffs-Appellants appeal from the district court's judgment dismissing their lawsuit against various banks, mortgage lenders, attorneys, and other people. Their complaint charges the defendants with fraud, theft and violation of several federal statutes. The district court adopted the magistrate judge's recommendation that the case be dismissed for lack of prosecution and for the plaintiffs' failure to follow court orders. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Neil Gorsuch considered this appeal originally but did not participate in this Order and Judgment. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See* 28 U.S.C. § 46(d); *see also United States v. Wiles*, 106 F.3d 1516, at n* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal). The remaining panel members have acted as a quorum with respect to this order and judgment.

# BACKGROUND

This case was initially assigned to a senior district judge. After he declined the case, it was reassigned to a pilot program in the District of Colorado (Pilot Program). The Pilot Program permitted "the direct assignment of civil cases to the full time magistrate judges to conduct any and all proceedings in jury and nonjury civil actions and order the entry of judgment under 28 U.S.C. § 636(c)." Supp. R. at 88. For the magistrate judge to exercise jurisdiction under § 636(c), the parties needed to consent and the district court then had to refer the case to the magistrate judge. *See id.* at 89 ("In any case drawn to a magistrate judge, if all parties consent to magistrate judge jurisdiction, the magistrate judge shall notify the Chief Judge, or his/her designee, who shall determine whether to enter an order of reference under 28 U.S.C. § 636(c). If an order of reference is entered, the magistrate judge shall conduct all proceedings and order the entry of judgment.").

Before any consent was given or a specific referral was made, a magistrate judge was assigned to appellants' case to conduct all proceedings, including the entry of final judgment. On June 30, 2015, the magistrate judge entered an order scheduling a status conference for July 21. The order notified the appellants that they must appear in person for the status conference and that failure to appear could result in the imposition of sanctions, including dismissal of their case.

Soon before the status conference began, the appellants filed forms refusing consent to the assignment of the case to a magistrate judge. The status conference proceeded as scheduled, with the magistrate judge presiding. Plaintiffs Mark S.

Miller, Jamileh Miller (Millers), and Matthew D. Haynie appeared in person. The defendants who had been served with process appeared through counsel. The United States appeared through an Assistant United States Attorney to confirm that although named by the appellants as a party, it did not consent to being a plaintiff in the case.

The magistrate judge entered an order striking the United States as a party. He then scheduled a show-cause hearing and exempted the defendants from filing answers until after that hearing. He also issued three orders to show cause why certain parties and claims should not be dismissed. Each of the show-cause orders noted that because at least one party did not consent to magistrate judge's jurisdiction, the case would be reassigned to a district court judge.

On the same day as the show-cause orders were entered, the case was reassigned to a senior district judge. That judge declined the case, so it was immediately reassigned to another district court judge, who then referred the case back to the previously-assigned magistrate judge under § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) and (b). All of this occurred before the show-cause hearing was held.

The day before the scheduled show-cause hearing, the appellants filed a jurisdictionally defective notice of appeal to this court. This defective notice of appeal from the nonfinal show-cause orders did not divest the district court of its jurisdiction to proceed with the case. *See, e.g.*, *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991) ("[A] premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals.").

4

The magistrate judge held the scheduled show-cause hearing. None of the appellants appeared, showed cause as ordered, or requested a continuance. The magistrate judge entered a Report and Recommendation (R&R) recommending that all plaintiffs be dismissed from the suit, along with the defendants who had not been properly served, and that defendant Wells Fargo's motion to dismiss be denied as moot.

The R&R notified the appellants that they had fourteen days after service to serve and file specific written objections with the district court judge assigned to the case. The appellants filed no objections. On September 15, 2015, noting the lack of objection, the district court entered an order adopting the R&R in its entirety, accepting the Millers' voluntary dismissal from the case, and dismissing the case. Two days later, it entered a final judgment of dismissal.

On October 5, we dismissed the appellants' jurisdictionally defective appeal, noting that it was taken from a non-final order entered by a magistrate judge. *McZeal v. Ocwen*, No. 15-1305 (10th Cir. Oct. 5, 2015). Our order advised the appellants that the district court had entered final judgment on September 17, 2015.

On October 13, the appellants filed a timely notice of appeal from the final judgment of dismissal, resulting in the appeal now before us. We entered an order directing them to show cause why the appeal should not be dismissed under our "firm-waiver rule" based on their failure to object to the R&R. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (describing appellate waiver created by failure to file specific objections to magistrate judge's R&R).

5

In their responses, although conceding that the R&R had advised them it was necessary to file objections to preserve appellate review, appellants contended they were "not actually notified of the Magistrate [Judge's] Order and Recommendation, Order adopting [his Report and Recommendation] or the final judgment via the mail or by any other means." Aplee. Supp. App., Vol. 2 at 316, 323, 330, 338, 351. They further asserted that they had "discovered that no one, or none of the appellants was actually served with" the R&R, the order adopting the R&R, or the final judgment (the Dispositive Documents). *Id.* at 317, 324, 331, 339, 352. Each of the appellants also filed sworn affidavits stating they had failed to object to the R&R because they had neither been notified of it nor served with it. They asserted they learned that these documents were entered only by reviewing our order of October 5 and by conducting their own (albeit belated) research in PACER.

For their part, appellees have vigorously challenged appellants' representation that they did not receive notice of the Dispositive Documents. In their supplemental appendix, they included an ECF notice showing that the court mailed the R&R to each of the appellants at the addresses listed in the complaint.

## DISCUSSION

In this Circuit, we adhere to a "firm-waiver rule." *Duffield*, 545 F.3d at 1237. A party who fails to object in timely fashion to the findings and recommendations of the magistrate judge "waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted).

6

Although we call this rule "firm," we recognize certain exceptions to it. Because the R&R notified the appellants of the time limit for objecting and the consequences of the failure to object, and because appellees have not waived the issue but have asserted the firm-waiver rule, the only applicable exception here involves the "interests of justice." Under this exception, we may excuse the appellants' failure to object if the interests of justice necessitate our review. *Id.*[1]

The interests-of-justice exception is a free-floating one. We have called it "a rather elusive concept," and in applying it we have looked to factors such as "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1238.

Appellants argue that we should excuse their failure to object because they did not receive timely notice of the R&R or certain other filed district-court documents. But for several reasons we decline to apply the interests-of-justice exception to rescue them from their failure to file objections.

First, appellants' explanation for their failure to comply lacks plausibility. Although they claim none of them ever received the R&R, a copy of the ECF filing

---

[1] Some of our cases also recognize a separate exception to the firm waiver rule where the district court committed plain error in its disposition. *See, e.g.*, *Diestel v. Hines*, 506 F.3d 1249, 1279 n.3 (10th Cir. 2007). But appellants have not requested plain-error review, and so we do not consider whether that exception applies here. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011) (where a litigant "hasn't even attempted to show how his new legal theory satisfies the plain error standard," it "marks the end of the road for an argument for reversal not first presented to the district court.").

in the record shows it was mailed to them at the addresses listed in their complaint. Aplee. Supp. App. at 287-89.

Second, appellants have engaged in a pattern of dilatory conduct throughout this case by failing to make reasonably diligent efforts to comply with the district court's procedures and mandates. They waited until the day of the status conference to file notice that they did not consent to the magistrate judge's jurisdiction. They then failed to appear at the show-cause hearing scheduled for August 27, 2015. They do not claim they lacked notice of the hearing. Had they bothered to appear, the magistrate judge would likely not have recommended dismissal of their case. And even if he had, they would have learned of his plan to issue a recommendation for dismissal. Having learned this, they could have periodically checked the district court's docket for entry of the recommendation in the weeks following the hearing, and filed appropriate objections. In addition, the magistrate judge's show-cause orders notified appellants that the case had been reassigned to a district judge. But appellants made no attempt to seek review of those orders, or any directives to which they objected in the status conference minute order. Instead, the day before the scheduled hearing on the show-cause orders, they filed a jurisdictionally defective appeal to this court.

Finally, the issues appellants raise in this appeal, which mainly attempt to justify their own dilatory conduct by attacking the magistrate judge's actions, are not of such great importance that they justify bypassing the firm-waiver rule.

8

Appellants also argue that the district court's orders "were null and void from the very outset" because they were based on orders "entered by a . . . magistrate [judge] who was simply not authorized to conduct hearings." Aplt. Opening Br. at 8. They challenge the jurisdiction of the magistrate judge to conduct all proceedings in their case without their consent, arguing that his initial lack of authority infected the R&R and the final judgment.

It may be that the procedures followed in this case did not comport with 28 U.S.C. § 636, particularly given that appellants' expressed lack of consent under § 636(c) was immediately followed by a hearing held by the magistrate judge, and his issuance of orders to show cause, before a specific reference was made under § 636(b). But the question is, given the indisputably proper appointment of the magistrate judge before he issued the R&R, and given the district court's dispositive decision to dismiss, whether the firm-waiver rule bars appellants' challenges based on the magistrate judge's initial lack of authority. We conclude that it does.

Had appellants objected to the R&R—by asserting that the magistrate judge had acted ultra vires in issuing the earlier orders to show cause that they violated in the first place—the district court would have had jurisdiction to consider the argument as part of its determination of whether there were grounds for dismissal. *Cf. First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996-97 (10th Cir. 2000) (remanding for independent determination by district court of whether to remand case to state court, where magistrate judge acted beyond his authority by entering remand order). But they never made that argument in district court. So, like their other

9

arguments, they forfeited this one.[2]  In general, the magistrate judge's lack of authority does not affect the court's subject-matter jurisdiction and so an objection to that lack of authority may be waived or forfeited.  *See Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995) (upholding waiver, under firm-waiver rule, of objection that the record was devoid of an order referring case to magistrate judge to make report and recommendation); *Clark v. Poulton*, 963 F.2d 1361, 1366-67 (10th Cir. 1992) (discussing non-jurisdictional nature of magistrate judge's lack of statutory authority).

## CONCLUSION

We affirm the district court's judgment of dismissal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Appellants also challenge the dismissal of the United States as plaintiff, an action the magistrate judge took before his re-appointment by the district court.  But there is no indication in the notice of appeal that the United States has appealed from any judgment of the district court.  We therefore lack jurisdiction over the dismissal of the United States in this appeal.  *See* Fed. R. App. P. 3(c)(1)(A) (requiring notice of appeal to designate the party or parties taking the appeal); *Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.").